ALBANY,
January, 1830.

Ontario Bank
v.
Petrie.

## ANON.

The order for allowance for classical studies to clerks of attornies must be obtained at the commencement of the term of clerkship. If omitted, a judge's order should be obtained in *vacation*.

An application was made to the court, for a special order for the examination of a candidate for admission as an attorney, on the ground that a regular order had not been obtained for an allowance for classical studies at the commencement of his term of clerkship.

## Ⓧ Ontario Bank vs. Petrie.

Where in a notice of non-payment *dated* on the day that a draft falls due, it is stated that the draft was *protested* on the evening *before* for non-payment, and that the holders look to the endorser for payment, it is right and proper to submit the question to a jury, whether or not the defendant has been misled.

A draft falling due on *Sunday* may be demanded on the preceding day.

This was an action of assumpsit, tried at the Oneida circuit in April, 1829, before the Hon. Nathan Williams, one of the circuit judges.

The defendant was sued as the third endorser of a draft, drawn by a firm of the name of Sprague & Dann on R. & G. Bartow, and accepted by them for $350, dated 28th March,

*f. 2 Hill 565.*

1828, and payable five months after date. The draft fell due on the 31st August, which being a *Sunday*, it was presented for payment on the 30th August, at New-York, where the acceptors resided, and not being paid, notice of the demand and non-payment was put into the post-office on the same day or the next morning ; the mail then closed at 3 P. M. after which hour the demand was made. The notice directed and sent to the defendant was in these words : " New-York, August 30, 1828. *Sir—Please to take notice that* Sprague & Dann's draft on Rob't & Geo. Bartow, and accepted by them for $350, *endorsed by you, was last evening protested for non-payment, and that the holders looks to you for the payment thereof. Yours, &c.* J. G. B., Notary Public." (The words in *italic* were printed.) It was conceded on the trial that the defendant was an endorser on other paper between the same parties, but not for the precise amount, nor of the same date, nor which fell due in the same month with the draft in this case. The counsel for the defendant objected to the sufficiency of the notice, which objection being overruled, he requested the judge to charge the jury that the notice was calculated to mislead the defendant, and was, in law, not sufficient to charge him. The judge instructed the jury, that if they believed that the defendant was misled by the notice given to him, they ought to find for him ; otherwise, their verdict should be for the plaintiffs. The defendant excepted. The jury found for the plaintiffs. A motion was now made to set aside the verdict.

*D. Burwell & J. A. Spencer*, for defendant. According to the notice, the demand was made *two* days previous to the draft falling due. It was the province of the judge and not of the jury to pass upon the sufficiency of the notice ; the evidence consisting of a written document, the import of it was matter of law, and not of fact, (1 T. R. 180 ;) he, therefore, should not have submitted to the jury the question whether or not the defendant was misled. Demand of payment must be made *when* a note or bill is due, and not *before* it is due. The notice in this case stating the demand to have been made before the maturity of the draft the defendant

ALBANY,
January, 1830.

Ontario Bank
v.
Petrie.

had a right to disregard it. This is not like the case of an *informal* notice, where the party would be put on enquiry.

*C. P. Kirkland*, for plaintiffs. If the notice be sufficient to put the party on inquiry it is enough. (2 Johns. C. 338.) No particular form of notice is necessary; that part of it in this case which states the draft to have been *protested* was superfluous, the party being apprised that the holders looked to to him for payment. Whether the defendant could have been misled by the notice was properly submitted to the jury. Such question was submitted in the case of *Smith* v. *Whiting*, (12 Mass. R. 6,) where the notice was grossly defective. The jury here were warranted in saying that the defendant could not have been misled.

*By the Court*, SAVAGE, Ch. J. The only difficulty in this case is in the notice of non-payment. The note was due on the *thirty-first* day of August, 1828, which was *Sunday*, the demand was made on Saturday, the *thirtieth*, and notice sent by the first mail. The notice, dated the *thirtieth*, states payment, was demanded *last* evening instead of this evening. The judge was right in submitting to the jury the question, whether the defendant was misled. The case of *Reedy* v. *Seixas*, (2 Johns. C. 337, 8,) is similar in principle; there, the note was misdescribed in the notice, and the court said it was sufficient to put the defendant on enquiry, and that it was incumbent on him to shew circumstances to mislead him, such as other notes endorsed by him. Here there were other notes, but none due the *same month*. In *Smith* v. *Whiting*, (12 Mass. R. 6,) there were two errors in the notice: the maker's name was written *Cushing* instead of *Cushman*, and the note was said to have fallen due before the days of grace had expired, but the court considered the errors immaterial. In this case, it was properly left to the jury to say whether the defendant was misled, and they have found that he was not misled. The demand was made on the right day, and the notice was in due season. The stating in the notice that the draft was protested for non-payment on the evening before it fell due, could not prejudice the defendant.

New trial denied.