Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit against the maker and indorser of a promissory note. There was a verdict and judgment in favor of the plaintiffs below, the defendants in error.
The first error assigned in argument is the permitting the deposition of the notary, J. K. Cook, to be read in evidence. Cook was a resident of Adams county, in which the trial took place. It was proven that he had been served with a subpoena to attend the court, and that at the time of the trial he was absent from the state without the consent or procurement of the plaintiffs. The deposition had been taken de bene.esse.
We think these steps, on the part of the plaintiffs, were sufficient to authorize the reading of the deposition, in accordance with the intimation of this court in the case of Ellis’s Admr's. v. Planters Bank, 7 How. 241.
The next bill of exceptions is to the overruling of the motion for a new trial. In this we can see no error. The evidence all went fairly to the jury, no instructions were asked from the court, a verdict was rendered for the plaintiffs, and we can see nothing in the record, which would justify our interference to set it aside.
One reason alleged for the new trial is, that the note described in the notice to the defendant, Lydia Dowell, varies from that offered in evidence, because in the description there is a difference in the amount of one dollar. The rule on this subject is thus laid down in Bayley on Bills, 253. “A notice to an indorser in which there is an error in stating either the date of *50 the note, the day when it became due, the maker’s name, or the amount of the note, is sufficient, the note being in other respects sufficiently described, so that the indorser could not be misled by it.” This rule has been followed by courts of the greatest respectability in this country. Mills v. Bank United States, 11 Wheat. 431; Smith v. Whiting, 12 Mass. 6; Rudy v. Seixas, 2 Johns. Cas. 337; Ontario Bank v. Petrie, 3 Wend. 456; Bank of Rochester v. Gould, 9 Ib. 279.
The late case of Remer v. Downer, 23 Wend. 626, seems to manifest some disposition to qualify the rule. It is there said, “ a notice which is barely sufficient to put the indorser upon inquiry, is not enough. It should convey a distinct impression that the note indorsed has been presented and dishonored. No precise form of words is necessary for the purpose ; but the note should be sufficiently described to enable the party to see that it is the one indorsed by him.” Without undertaking to determine between these cases, we are of opinion that, according to either of them, the notice in this instance was such as to authorize the finding of the jury.
The question may be different where the notice itself states that the demand was made upon the wrong day. Then he might have a right to consider himself discharged, but upon this it is not necessary now to pronounce. See Ransom v. Mack, 2 Hill (N. Y.) R. 594.
The judgment is affirmed.