## Spies *v.* Newberry.

Notice to the endorser of a foreign bill of exchange, that the bill, describing it, has been *protested* for non-payment, and that the holder looks to him for payment thereof, is a sufficient notice of dishonor; the term *protested*, when thus used, implying that payment had been demanded and refused.

*Platt* v. *Drake*, 1 Dougl. Mich. R. 296, commented on, and distinguished from the present case.

Case reserved from Wayne Circuit Court. Assumpsit, by Spies, as endorsee, against Newberry, as endorser, of a foreign bill of exchange. Plea, the general issue. The notice of dishonor proved, on the trial, to have been given, was directed to the defendant, and stated that the bill, (describing it,) " has this day been *protested* for non-payment, and the holder looks to you for payment thereof." The Presiding Judge of the circuit court instructed the jury that this was not a sufficient notice of dishonor. Whereupon, the plaintiff submitted to a nonsuit, and afterwards moved to set the same aside, and for a new trial, on the ground that the above instruction to the jury was erroneous. The question arising upon this motion was reserved for the opinion of this court.

*J. M. Howard*, in support of the motion.

*J. S. Abbott*, contra.

Miles, J. delivered the opinion of the Court.

The question which this case presents is, whether the notice to the defendant, that the bill had been *protested* for non-payment, &c., was a sufficient notice of dishonor.

The rule upon this subject, as laid down in Chitty, and which seems to be the result of the adjudged cases, is, " that the notice shall inform the party to whom it is ad-

dressed, either in express terms, or by necessary implication, or at all events by reasonable intendment, what the bill or note is that has become due, and that it has been duly presented to the maker or drawer, and that payment has been refused." Chitt. on Bills, 466.

In *Hartly* v. *Case,* 10 Eng. C. L. R. 350, the court say: " There is no precise form of words necessary to be used in giving notice of dishonor; but the language used must be such as to convey notice to the party, what the bill is, and that payment of it has been refused by the acceptor." This point was again in judgment in the celebrated case of *Solarte* v. *Palmer,* 8 Bligh N. S. 874; (42 E. C. L. R. 737.) In the Exchequer Chamber, Lord Chief Justice *Denman* laid down the rule, that the notice of dishonor "should, at least, inform the party to whom it was addressed, either in express terms or by necessary implication, that the bill had been dishonored, and that the holder looks to him for payment." This case went finally to the House of Lords, and *Parke,* J., when delivering the opinion of the judges present, nine in number, omits the latter clause, and merely says, "such a notice ought, either in express terms, or by necessary implication, to convey full information that the bill had been dishonored." In both these cases the notices were held insufficient,—they stating merely that the bill was *unpaid.*

As the notice in the case at bar does not state, in so many words, that the bill had been presented and dishonored, we are to enquire if, by necessary implication or reasonable intendment, that is its effect? And herein we shall receive much assistance from the adjudged cases, as to the form of words which has been held sufficient for that purpose.

We have seen that notice of non-payment alone is insufficient; and for the reason that such a notice contains nothing to put the party receiving it upon enquiry, or up-

on his guard in procuring indemnity; the bill might remain unpaid by the laches of the holder.

In *Grugeon* v. *Smith,* 6 Ad. & E. 499, (33 E. C. L. R. 128,) it was held that the dishonor of a bill was sufficiently notified by the phrase, " The bill is this day returned with charges." In that case, Lord *Denman* said : " The *effect* of this is, that the bill has been dishonored." *Littledale,* J., concurred. *Patterson,* J., said : " In *Solarte* v. *Palmer,* there was no notice of the fact of dishonor; here there is." And *Coleridge,* J., concurred in this.

I am aware that in the case of *Boulton* v. *Welch,* 3 Bing. N. C. 688, (32 E. C. L. R. 283,) the common pleas determined that a notice of dishonor, which stated that the note " became due yesterday, and was *returned* to me unpaid," was insufficient; but the correctness of this decision came afterwards to be doubted, and it was finally expressly overruled in *Robson* v. *Curlewis,* 1 Carr. & Marsh. 378, (41 E. C. L. R. 209,) in which case the words, " is *returned* to us unpaid," were held sufficient. It appears from the report of this case, that before it was submitted, the case of *Hedger* v. *Steavenson,* 2 Mees. & Wels. 799, (a later case than *Boulton* v. *Welch,*) had been decided ; and the counsel for the plaintiff undertook to distinguish this case from that, because the notice in that case was, that the note " became due yesterday, and was returned to me unpaid, and I have to request you will please remit the amount thereof, *with* 1*s.* 6*d. noting ;*" and insisted that the charge for *noting,* clearly showed that the note had been dishonored. But Lord *Denman,* in delivering the opinion, says : " I have no doubt this is a sufficient notice." Baron *Parke* disclaims the distinction as to the charge for noting. In a note, Baron *Parke* is represented to have said in *Hedger* v. *Steavenson,* that the word *returned,* is almost a technical term in matters of this nature, and means

that a bill has come to maturity, has been presented, and has not been paid.

Numerous other subsequent English cases have been examined, none of which, however, at all vary the rule recommended by such great authority, so often asserted, and so well established; nor do they in the least interfere with the meaning given to the words used in the form of notice in the cases already cited.

These cases show that while upon the one hand the courts have avoided requiring great strictness and nicety in the form of the notice, they have at all times insisted upon the use of such language as would clearly and fully express the idea that the bill had, upon due presentment, been dishonored.

Do the words, "*protested for non-payment*," express this idea?

A protest is a constituent part of a bill of exchange, indispensibly necessary to be made, to entitle the holder to recover the amount from the other parties to the bill; is by law made evidence of presentment and dishonor; is made only upon such presentment and dishonor. The words, *protested for non-payment,* in this way, have come to have a technical meaning in matters of this nature. In them is included, not only the idea that the bill is past due, but that payment of it has been demanded, and not being paid, it is therefore dishonored. They mean that the process necessary to dishonor the bill, to wit, demand, refusal of payment, and the drawing up of a formal protest, has been gone through with. All this is included in and meant by the term *protested.* The meaning of this word as applied to bills of exchange is well known; well understood; and as the main object of the notice is to put the party upon enquiry—upon his guard—it seems to me this is all that is necessary for that purpose.

This form of notice has been held sufficient in New

Hampshire, in case of a foreign bill.  *Smith* v.  *Little*, 10 N. Hamp. R. 520.   In New York, both before and since the statute making a notarial certificate of protest of a promissory note evidence of presentment and non-payment, and of notice, if stated therein to have been given, this form of notice seems to have been used without objection; and in one case, (*Ontario Bank* v. *Petrie*, 3 Wend. 456,) where the notice was in the same form as in the case now under consideration, though objections were taken to its sufficiency in other respects, none was made for the reason now urged here.

The case of *Platt* v. *Drake*, 1 Dougl. Mich. R. 296, decided in this court, and referred to by the defendant, does not apply here.   That was an action on a promissory note.   The form of the notice was the same as here.   We can repeat what was then said, that no " protest is necessary in case of a promissory note, or is evidence of its dishonor."   "It is in such a case an act entirely unnecessary, and even nugatory."

We conclude, then, that these words, when applied to a bill, mean all that is claimed for them; they mean all that the words, "returned," or "returned with charges," can mean ; and, though these last words may possibly leave some doubt upon the mind as to what is meant, the others cannot leave any.

We are, therefore, of opinion that the motion to set aside the nonsuit in the court below, should be granted, and that it should be so certified to the circuit court for the county of Wayne.

*Certified accordingly.*

Note.  The reader will find a very complete and valuable collection and review of the cases, English and American, on the subject of the form of notice of dishonor, in 1 American Leading Cases, 231—7, a work which has appeared since the foregoing opinion was delivered.  To the cases there cited may be added *Coddington* v. *Davis*, 3 Denio, 16, and *La Fayette Bank* v. *McLaughlin*, 4 Western Law Journal, 70.  Also, the very recent case of *Armstrong* v. *Christiana*, decided by the

English Common Pleas in 1848, of which I find the following abstract in 6 Western Law Journal, 44 : " Where the notice of dishonor of a bill was as follows : 'I am the holder of a bill drawn by you on M. M. L. for £98. 15s. which became due yesterday and is unpaid ; and I have to state that unless the same is paid to me immediately, I shall proceed against you without delay for the amount.  Amount of the bill £98. 15s.—noting 5s.—total £99.,' *Held*, that the word 'noting' must be taken as a part of the notice ; that it implied presentment and non-payment ; and that the notice, therefore, was sufficient."—*Reporter*.