## STATE v. WILLIAM M. SNEED.

*Witness—Justices of the Peace, when liable criminally—Judge's Charge.*

1. It is not error to refuse to compel a witness to answer a question which tends to self-crimination.

2. The functions of a justice of the peace are ministerial, in preserving the peace, hearing charges against offenders and issuing warrants thereon, examining the parties and bailing or committing them for

trial; and in the exercise of such functions, if he act corruptly, oppressively, or from any other bad motive, he is liable to indictment.

3. Where a justice of the peace, upon the affidavit of a party in February, 1879, stating that B. and others had committed a forcible trespass on his property and an assault and battery on his person, issued a warrant for the arrest of the parties complained against, who were tried before two justices, and B. bound over to the superior court in which the said justice, (defendant in this case) was marked as prosecutor and witness upon the two bills found by the grand jury in that court; and the defendant in August, 1879, subsequently to the term of said superior court, upon the same affidavit issued another warrant against the same parties for the same offence; *It was held*, that when the two justices took cognizance thereof the defendant had no authority over the subject, and was *functus officio* as to all matters contained in the affidavit, and is amenable to the law as in cases where he issues his warrant without a previous oath.

4. *Held further*, no error to refuse to charge, that the evidence of one witness offered by the state to prove that he did not make a certain affidavit, was not sufficient to contradict the fact recited in the justice's warrant issued upon such affidavit.

5. *Held further*, no error to refuse to charge, that as the party swore to four distinct offences in his affidavit of February and the indictments in the superior court only covered two of them, the act of the defendant in issuing the second warrant was lawful.

INDICTMENT for malfeasance in office, tried at Spring Term, 1880, of GRANVILLE Superior Court, before *Seymour, J.*

The bill charged that the defendant had unlawfully, maliciously and corruptly issued his warrant as a justice of the peace against one Henry H. Burwell, Sen., Lee Parham, Nathan Johnson, John Brown and Ransom Frazier, for forcible trespass upon the property of one Nelson Sneed, and is in substance as follows:

The jurors, &c., present that on the 23d of August, 1879, the defendant, late of the county of Granville, was one of the justices of the peace, &c., and has continued to be such from the said 23d of August up to the taking of this inquisition. And the jurors, &c., do further present, that at the spring term of the superior court of Granville, held, &c., a bill of

52

indictment was found by the grand jury against Burwell (and the others above-named) for forcible trespass on the property of one Nelson Sneed, and that the said defendant (in this case) procured himself to be marked as prosecutor and did act as prosecutor on said bill, and also procured himself to be endorsed as witness on said bill, and at the said term, there was another bill of indictment found by the grand jury against said Burwell and "others to the jurors unknown" for a misdemeanor, upon which the said defendant procured himself to be marked as prosecutor and did act as such, and also procured himself to be marked as witness and is the only witness marked on said bill. And the jurors, &c., do further present that pending the said indictment as aforesaid in said superior court, the said defendant being a justice of the peace as aforesaid, with force and arms at and in the county aforesaid, on the said 23d of August, 1879, unlawfully, maliciously and corruptly did issue his warrant as a justice of the peace against the said Burwell, and the others, for forcible trespass on the property of said Nelson Sneed. And the jurors, &c., do further present, that the offence against the criminal law as set forth in said warrant so issued as aforesaid by the said William M. Sneed, was the same offence, based upon the same facts as those upon which the indictments pending in said superior court against the said Burwell and others were found by the grand jury; and that on the said 23d of August, 1879, the defendant well knew the matters set forth by him in his said warrant issued on that day against said Burwell and others, were the basis of the indictments in said superior court, upon which he was endorsed and acted as prosecutor and witness, and that the same were still pending in said court. And the jurors, &c., further present that defendant when he issued said warrant, falsely and corruptly stated in said warrant that the same was issued on the oath of one Nelson Sneed, whereas, the defendant well knew there was no oath,

or affidavit, or complaint made by Nelson Sneed or any other person for the issuance of said warrant. And the jurors, &c., do further present, that the defendant acting as a justice aforesaid, and under and by virtue of his office, and under the said warrant, did unlawfully, corruptly and maliciously cause the said Burwell and the others to be arrested and brought before him, as justice of the peace, on the 27th of August, 1879, and compelled them to give security for their appearance at the October term of the inferior court of said county, with the intent to harass and to the great damage and wrong of said Burwell and others, and against the peace and dignity of the state.

It appeared in evidence that a controversy had arisen between the defendant and the said Burwell with regard to the ownership and possession of a tract of land in Granville county, and also, that said Nelson Sneed was in possession of the same as tenant of the defendant; and that prior to spring term, 1879, of said court, Burwell in company with Parham, Johnson, Brown and Frazier forcibly ejected Nelson from said land, and at the same time committed a forcible trespass on the personalty of Nelson, an assault and battery upon his body, and unroofed the house in which Nelson was living. And prior to said spring term, 1879, Nelson made complaint of these acts, before the defendant as a justice of the peace, in an affidavit in which he stated in substance, " that on or about the 3d of February, Henry Burwell came to my house and demanded possession of my premises. I told him that I rented the place from William Sneed and had lived on it last year, and had rented it again this year, and intended to live there until christmas and pay the rent to William Sneed. He then ordered me to get out of the door and let him come in. I told him he could come in, but not to interfere with my things. He then called his negroes, above-named, to come in and take my things and throw them out. I then remarked that they could all

come in, upon their good behavior, but I would be d—d if they interfered with my things, if I didn't knock them in the head. I was then speaking to the negroes. Mr. Burwell was in the house, and I with the others, above-named, in the yard. Burwell struck me a heavy blow with a large stick. I then told them I forbade their interfering with any of my things, and walked off. I found my life was in danger, and I concluded to go to a magistrate and claim the protection of the law. I got back about night, found every thing I had thrown out into the yard, the top of my house torn off, and my wife and two little children sitting in the yard." Upon this affidavit a warrant was issued (it is presumed by the defendant as the affidavit was made before him) against Burwell and the others, and tried before two justices of the peace, and Burwell was bound over to the superior court, and at spring term thereof two indictments were found, one against said Burwell, Parham, Johnson, Brown and Frazier, for a forcible trespass in carrying off the personal property of Nelson Sneed, and the other against the said Burwell and others, to the jurors unknown, for a forcible trespass into a dwelling house of Nelson, and expelling him therefrom. The defendant was marked as prosecutor upon both of these bills, and sworn and sent as a witness to the grand jury.

On the 23d of August, 1879, a warrant was issued by the defendant, as a justice of the peace, as follows: "Whereas Nelson Sneed has made oath before W. M. Sneed, a justice of the peace for the county aforesaid, that Henry H. Burwell (and the others above named) late of the county aforesaid, did on or about the 3d day of February last with force and arms enter into the said Nelson Sneed's house and eject therefrom all the house furniture, provisions, and other private property therein contained, which said articles of furniture and provisions were piled in the yard, and tore off the top of his house, and he, said plaintiff, further swears

that his wife was in a critical condition and fears serious results from the fright she sustained from the cause thus described, all without his consent, and against the peace and dignity of the state."

"These are therefore to command you forthwith to arrest the said Burwell (and the others) and them safely keep so as you have them before me at my office in Townsville on the 27th day of August, 1879, to answer said complaint, and be further dealt with according to law. Herein fail not," &c." (Signed by W. M. Sneed, J. P.)

There was a trial of the defendants upon the charge in this warrant before the defendant, William M. Sneed, J. P., and they were required by him to find sureties for their appearance to the inferior court of the county; and to this judgment of the defendant there was appended the following memorandum: "Since giving the above judgment, I have heard there is a case pending in the superior court against the defendants for this offence. The solicitor will please ascertain the facts." (Signed by W. M. Sneed, J. P.)

On the trial of this case, the defendant asked Burwell (who was prosecutor and witness) whether the other parties in the indictment against him and others did not do the trespass mentioned in the indictment against him and them; he replied that he could not answer without criminating himself, and the court held he need not do so, to which the defendant excepted.

The several instructions prayed by defendant which the court declined to give, are set out in the opinion of this court.

The judge charged the jury that if they believed the defendant made use of his official position to carry on his private controversy with Burwell, and for purposes of wrong and oppression, he was guilty; and the jury rendered a verdict of guilty. A motion for a new trial being over-

ruled, the court pronounced judgment, and the defendant appealed.

*Attorney General,* for the State.
*Messrs. Merrimon & Fuller,* for defendant.

ASHE, J. On the trial only one question of evidence arose. The defendant's counsel asked Burwell, who was both prosecutor and witness, whether the other parties in the indictment against him and them did not do the tres-° passes mentioned in the indictment, to which he replied, he could not answer without criminating himself; and the court held he need not answer the question. In this ruling there was no error, for it is well settled that a witness is not bound to answer a question which tends to his own crimination, and we think the case of the witness falls within the rule.

There were several exceptions taken to the refusal of His Honor to give certain instructions prayed:

1. To his refusal to charge the jury that as the magistrate's warrant recited that it was made on the oath of Nelson Sneed who was offered by the state, and was the only witness to the point, to prove that he made no affidavit before the defendant, and did not ask him to bind over the defendants in August, 1879, his evidence was not sufficient to warrant the jury in finding against the truth of the magistrate's recital; that the same was under oath and that the same evidence was necessary to controvert it, as would be required in an indictment for perjury. The court assigned as reasons for declining to give the instruction, that there was no such rule in law, and further that the evidence of the witness did not contradict the magistrate's statement in his warrant, it appearing that Nelson Sneed had made oath to the same facts in February, 1879. The ruling on this instruction we hold was not erroneous, for admitting

there was such a rule of evidence as that contended for, the evidence of Nelson Sneed did not contradict the recital in the warrant. The warrant is dated the 23d of August, 1879, and it is fair to presume, was founded on the affidavit of February, 1879, for it does not state that the information was made before the defendant on that or any other day, the recital being, "Nelson Sneed has made oath before me, W. M. Sneed, a justice of the peace for the county aforesaid, that Henry H. Burwell," &c. If the recital had been in the usual form, and stated, "Whereas Nelson Sneed *this* day made oath before me," &c., then there would have been a contradiction between the evidence of Nelson and the recital, but as it stands, there is none; and it is reasonable to conclude that the date in the recital was purposely omitted because the warrant was based upon the affidavit made on the 3d of February, 1879. Such was evidently the understanding of the defendant's counsel who argued before this court, that the act of the defendant was lawful, because the affidavit made in February was still in force when the second warrant issued, and that the defendant was warranted in issuing that warrant because there were four offences charged in the affidavit, and the parties were only indicted for two.

2. To his refusal to charge the jury that as the facts sworn to by Nelson constituted four distinct offences, and as the indictment in the superior court only covered two of these offences, the case at the most only constituted the meritorious performance of a lawful act. His Honor very properly refused this instruction because it was not warranted by the facts of the case. The affidavit of the 3rd of February, 1879, does charge the prosecutor, Burwell, besides several forcible trespasses upon the land and personal property of Nelson Sneed, with an assault and battery upon his person with a heavy stick. He was not indicted for that in the superior court, but only for the forcible trespasses, and yet there is

no mention of the assault and battery in the warrant of the 23d of August, but the accused were bound over to the inferior court to answer the complaint recited in said warrant, which is, that the defendants with force and arms entered into Nelson's dwelling house, tore off the top of his house and threw into the yard all the furniture, provisions and other private. property therein contained. If the warrant of the 23d of August had been issued, charging the commission of the assault and battery, there might have been the semblance of *bona fides* in the act. But the offences with which the accused are charged and bound over to the inferior court to answer, were identically the same offences for which they had been theretofore indicted in the superior court; and it is to be presumed the defendant knew of those indictments and the offences for which they were preferred, notwithstanding the memorandum appended to his judgment on the warrant, which is relied upon by his counsel as evidence of his candor and *bona fides*, for he was both prosecutor and witness in each of the indictments which were still pending. The memorandum looks very like an after-thought, a sort of *quia timet* affixture to the illegal proceedings, to guard, it may be, against an indefinite apprehension of responsibility.

3. To his refusal to charge that as it did not appear that the cases in the inferior court had ever been finally disposed of, this indictment could not be maintained. There is nothing in this exception and the judge committed no error in refusing it.

The last exception taken by the defendant was to the charge given by His Honor to the jury, and in this we hold there was no error.

The functions of a justice of the peace are either ministerial or judicial: They are ministerial, in preserving the peace, hearing charges against offenders, issuing sommons or warrants thereon, examining the informant and his wit-

nesses and in taking those examinations, binding over the parties and witnesses to prosecute, bailing the offenders or committing them for trial, &c. They are judicial, as when he convicts for an offence; and his conviction drawn up in due form and unappealed against, is conclusive,. and cannot be disputed in a civil action. 1 Blk. 354 and note 33.

In Bacon's Abridgment (Am. Ed. by Bouvier,) p. 426, it is laid down that a magistrate " is not punishable at the suit of a party, but only at the suit of the King for what he doth as judge, in matters which he hath power by law to hear and determine without the concurrence of any other; for regularly no man is liable to an action for what he doth as judge; but in cases wherein he proceeds ministerially rather than judicially, if he act corruptly, he is liable to an action at the suit of the party, as well as to an information at the suit of the King. But he must have acted corruptly to subject himself to punishment by information; for though he should even act illegally, yet if he acted honestly and candidly, without oppression, malice, revenge, or any bad view or intention, an information will not be granted against him, but the party complaining will be left to his ordinary remedy by action or indictment." In addition to these authorities, see 1 Brod. & Bing., 432; *Gregory* v. *Brown*, 4 Bibb 28; 1 Burr., 556; 2 Burr., 683.; 3 Burr., 1317; *Rex* v. *Cozens*, 2 Doug., 426.

From these authorities the principle is clearly deducible that where a magistrate is acting ministerially, if he act corruptly or oppressively, or from any other bad motive, he is answerable to the criminal law. And the examination and binding over of Burwell and the others, was a ministerial act. 1 Blk., 354, *supra.* We are not called upon in this case to decide when he is liable to a civil action. We are dealing with the law in its criminal aspect. The jury have found the defendant guilty in manner and form as charged in the bill of indictment, and the bill charges that he un-

lawfully, maliciously and corruptly did issue his warrant as a justice of the peace against the said Henry H. Burwell (and the others named) for forcible trespass on the property of Nelson Sneed.

But it is contended before this court that His Honor should have charged the jury that the evidence was not sufficient to warrant the jury in finding the defendant guilty, because he acted lawfully in binding over the prosecutor and the others in August, for the affidavit made by Nelson Sneed in February preceding was still in force, and as there were several offences charged in the affidavit and as they had been indicted in the inferior court only on two of them, he had the right to issue his warrant upon that affidavit, in August afterwards, for the offences contained therein for which no indictments had been found by the grand jury in the superior court. In this we do not concur. We hold that when the two magistrates took cognizance of the matters contained in the affidavit of February and bound over the parties to the superior court, the justice had no further authority over the subject and was *functus officio* as to all matters contained in the affidavit, and is as amenable to the law as in cases where he issues his warrant without a previous oath.

There is no error. Let this be certified to the superior court of Granville that further proceedings may be had according to law.

PER CURIAM.                                No error.