## JOHN W. EVANS v. JOSEPH W. ETHERIDGE.

### *Attachment—Clerks—Process.*

1. The clerk only acts ministerially in issuing the process for attachment.
2. In the absence of statutory regulation, a party is only prohibited from acting in his own case, when he exercises some judicial, as distinguished from a ministerial, office.
3. A clerk of the Superior Court, upon making the necessary affidavit before some person authorized by law, may issue a warrant of attachment in an action in which he is plaintiff.
4. It has been the practice in this State for clerks to issue process either for or against themselves.

(*Jackson* v. *Brookhaven*, 89 N. C., 74 cited and approved).

MOTION to dismiss an attachment, heard before *Shipp, Judge,* at Fall Term, 1886, of DARE Superior Court.

The following is so much of the case stated on appeal as it is necessary to set forth here:

" The plaintiff, who was the clerk of the Superior Court of Dare county, issued a summons in his own behalf against the defendant. Afterwards, he made an affidavit before the clerk of the Superior Court of Pasquotank county for an attachment against the property of the defendant, and gave a bond. He then issued a warrant of attachment to the sheriff of Dare county, commanding him to attach the property of the defendant in Dare county, to answer the judgment in the action. There was no evidence that the bond was approved or passed upon by the clerk of Pasquotank Superior Court. There was no order from any Judge directing the case to be transferred to the clerk of the Superior Court of any other county, nor application made to any Judge for such transfer. Upon this attachment, granted by the plaintiff, as clerk of the Superior Court of Dare county, the sheriff attached the property of the defendant and holds it.

The defendant moved to dismiss the attachment, upon the ground that the attachment was issued by the clerk in his

own behalf and was void, because the proceedings before the clerk of the Superior Court of Pasquotank were without authority, and were void, and that upon the whole record the proceeding was irregular.

The Court, upon the whole record of the proceedings, gave judgment that the attachment be dismissed at the cost of the plaintiff, from which ruling the plaintiff appeals to the Supreme Court."

*Mr. C. W. Grandy,* for the plaintiff.
*Mr. R. H. Battle,* for the defendant.

Merrimon, J., (after stating the facts). It was held in *Jackson* v. *Brookhaven,* 89 N. C., 74; that the clerk of the Superior Court in making the order of seizure of property in the provisional remedy of Claim and Delivery, only does a *ministerial,* and not a *judicial* act or service, and therefore a deputy clerk might make such order. In such case the statute (*The Code,* §322,) requires that an affidavit shall be made before the clerk, embodying the facts necessary to entitle the party applying for it to the order, and §323 prescribes, that "the clerk of the Court shall, thereupon, by an endorsement in writing upon the affidavit, require the sheriff of the county where the property claimed may be, to take the same from the defendant and deliver it to the plaintiff," &c.

In the provisional remedy of Attachment, the clerk does in all substantial respects a similar ministerial service.

The statute (*The Code,* §349,) prescribes that the facts necessary to entitle the party applying for the warrant, must appear by affidavit to the satisfaction of the Court granting it, and §351 provides that the warrant may then "be obtained from the Judge of the district embracing the county in which the action has been instituted, or from the clerk of the Superior Court from which the summons in the action issued."

The acts thus required to be done, or that may thus be done by the clerk of the Court, are not such as settle, determine and adjudge the rights of the parties litigant. Their purpose is to grant—supply—litigants with the prescribed process of the law allowed in the beginning, and in the course of the action to its end. The clerk in such matters does what is prescribed to be done—what the law commands him to do—and in the way and case prescribed. If he exercises discretion and judgment, this is done only to the extent—the limited extent—of inquiry, to learn when the process shall go out, and such discretion is always subject to the supervision, control and judgment of the Court.

This being true, in the absence of statutory provision to the contrary, we can see no legal reason why the clerk may not issue the summons and all other process in an action in his own behalf, when he acts only ministerially. It has been the common practice in this State, so far as we know or have information, for the clerk of the Superior Court to issue the necessary process in actions for and against himself. And as the duties of the clerk in issuing warrants of attachment are simply ministerial, and he settles and adjudges no right in such respect, we cannot see why he may not issue such a warrant in his own action. It is competent for him to make proper affidavit before another clerk, or any officer authorized to administer oaths and take affidavits for general purposes. .

The law does not forbid the clerk to issue such warrant in his own action, and it is not to be presumed that he is to be denied the ordinary rights of a litigant, simply because he happens to be a clerk of the Court.

There is the less objection to such power of the clerk, as his official acts are constantly under the supervision and control of the Court.

This view is strengthened by the fact, that the statute (*The Code*, §§104, 105, 106,) provides that the clerk shall not

act officially in matters of probate, and the like matters and proceedings, whenever he exercises jurisdictional functions, if he has an interest therein. And so, also, the statute (*The Code*, §§598, 930,) provides that sheriffs and coroners shall not exercise their official authority in cases and matters wherein they are personally interested. It has not, however, been deemed necessary to provide by statute that the clerk shall not issue process in actions in his own behalf, when he does not exercise judicial authority. It is only when one in the exercise of some office exercises judicial authority, that he shall not act—do official acts—in his own case, unless he shall be prevented from doing so by statute.

It may be said that it does not comport very well with a due sense of propriety and delicacy for a clerk to issue process in his own behalf. That may be so, but the law does not provide otherwise, and it fixes the standard of legal propriety. Moreover, in some possible cases, if the clerk could not issue process in his own case, he could not have redress by action at all. The law does not intend that this shall be so. It contemplates that every man shall have the benefit of the principles, and as well the procedure of the law, to enable him to vindicate and establish his rights.

We, therefore, are of opinion that the Court erred in discharging the attachment. Let this opinion be certified to the Superior Court according to law. *It is so ordered.*

Error. Reversed.