FRED ENGLISH v. MOODY BRIGMAN, ERNEST SNELSON, FRED E. FREEMAN, E. Y. PONDER, ALVIN DOCKERY and J. ROBERT JOHNSON.

(Filed 19 September, 1945.)

**1. Quo Warranto § 2—**

An action for damages by plaintiff, who was appointed acting or substitute Clerk of the Superior Court under ch. 121, Public Laws 1941, against defendants, who, in a proceeding to oust plaintiff procured his arrest and imprisonment, in consequence of plaintiff's ignoring an order of the resident judge declaring the office vacant and enjoining plaintiff from exercising the duties thereof, cannot be converted into a *quo warranto* proceeding to try title to the office.

**2. Public Officers § 5b—**

Whatever may be the status as a *de jure* officer of one, appointed Clerk of the Superior Court by the County Commissioners under ch. 121, Public Laws 1941, in place of the duly elected clerk who had asked for and received leave, and was afterwards appointed and accepted as an officer in the U. S. Army, on the termination of an action to oust the new clerk by voluntary nonsuit leaving the incumbent in possession of the office, he is a *de facto* officer and his acts as such have a recognized validity, growing out of public necessity, and cannot be collaterally attacked.

**3. Process § 2: Clerks of Superior Court § 3—**

Issuance of summons is itself a ministerial act as to which the Clerk of the Superior Court is not disqualified by his personal interest.

APPEAL by defendants from *Rousseau, J.,* 27 March, 1945. From MADISON.

From the records submitted on this appeal, we summarize the pertinent facts:

On 6 September, 1943, Clyde M. Roberts, then Clerk of the Superior Court of Madison County, and anticipating military service, and acting under chapter 121, Public Laws of 1941, applied to the commissioners of that county for leave of absence for the duration of the war or until released from service. Immediately thereupon, under authority of the statute, the county commissioners granted the leave and appointed the plaintiff, Fred English, acting or substitute clerk, and he entered upon the discharge of the duties of the office. Upon induction into the service, Roberts became an officer in the United States Navy, taking the prescribed oath of office. Thereafter the defendants brought a proceeding, the purpose of which was to oust the present plaintiff English from office. During the controversy the resident judge, Honorable Zeb V. Nettles, declared a vacancy to exist in the disputed office, and, acting under the supposed authority of the Constitution, Art. IV, sec. 29, appointed J. Robert Johnson to fill the vacancy.

It further appears that no person was elected to fill the office at the general election in November, 1944.

In the proceeding referred to, the present defendants asked that the incumbent English be restrained from exercising any of the duties of the office, and he was accordingly enjoined therefrom. Subsequently, at the instance of the defendants, it was made to appear that English had, in violation of the order, refused to vacate the office and continued to exercise its functions. English was thereupon adjudged to be in contempt of court and was incarcerated in the common jail of Buncombe County, whence he was subsequently released upon order of Judge Nettles. The proceeding instituted by defendants terminated by voluntary nonsuit, leaving English in the actual possession of the office.

The plaintiff English thereupon issued the summons in this action, brought in his own behalf, and filed his complaint, seeking to recover damages for an alleged conspiracy to deprive him of his office, in the prosecution of which, he complains, the defendants procured his unlawful imprisonment. The defendants, under a special appearance, moved to dismiss the action for want of jurisdiction, basing the motion upon the ground that English, at the time he issued the summons, was not clerk of the court in which the action was brought, and that the attempted official action was a nullity.

Upon the hearing, Presiding Judge Rousseau declined to allow the motion, and defendants appealed.

*Guy V. Roberts and Jones, Ward & Jones for plaintiff, appellee.*
*John H. McElroy and J. W. Haynes for defendants, appellants.*

SEAWELL, J. Behind the skirmish line developed on this appeal, one senses the rumble of real battle. But the case here cannot be said to have reached that decisive stage. We can only consider the stipulations of the parties as to the facts as bearing upon the motion to dismiss, within the frame of the action in which it is made—within its form, purport, and theory. It cannot be converted into a *quo warranto* proceeding to try the title to office, or to settle the more fundamental differences we find to exist between the parties.

Whatever may be the status of English as a *de jure* officer, and upon this it is not within the scope of our review to pass, we have no doubt, upon the facts presented and applicable principles of law, he was, at the time of issuing the summons in this case, *de facto* Clerk of the Superior Court of Madison County, acting under color of his original appointment under authority of the cited statute, and was in the actual discharge of the duties of the office, with his right to incumbency not adversely determined in any competent judicial proceeding. As such *de facto* officer his acts, of the nature involved in this motion, have a recognized validity in law, growing out of public necessity, and cannot be collaterally attacked. 43 Am. Jur., Public Officers, ss. 470, 471; *Berry v. Payne,* 219 N. C., 171, 13 S. E. (2d), 217, and cases cited, p. 177.

We do not understand the appellants to contend that the summons issued by English is void because issued in his own behalf. Issuing the summons is itself a ministerial act as to which the clerk is not disqualified by his personal interest. *Evans v. Etheridge,* 96 N. C., 42, 1 S. E., 633.

Judge Rousseau stated no grounds for his refusal to dismiss the case. However, the judgment was proper and is

Affirmed.