# GEORGE F. HARDING

## *v.*

## THOMAS CURTIS.

1. ACKNOWLEDGMENT OF DEEDS *in another State — certificate of conformity.* A deed for land lying in this State, wherein the parties were described as of the State of Massachusetts, purported to have been acknowledged before a notary public, appended to which was the following certificate: "Commonwealth of Massachusetts, Superior Court, Suffolk county, *ss.:* I, F. H. Underwood, clerk of the Superior Court in the county of Suffolk, State of Massachusetts, being a court of record, do certify that Seth Frinkham was, on the 11th day

of April, 1818, a notary public in the county of Lincoln, in the State of Massachusetts, duly commissioned and qualified to act as such. And I further certify that the signature of the said Seth Frinkham to the annexed acknowledgment is genuine, and that said acknowledgment is in conformity with the laws of said State of Massachusetts, in force on the 11th day of April, 1818." In witness, etc., with the seal of the court attached. This was *held* to be a certificate of conformity in exact compliance with our statute, and the deed was admissible in evidence, without further proof.

2. NOTARY PUBLIC — *evidence.* Proof of the official character of a notary public, using a notarial seal, is not required.

APPEAL from the Circuit Court of Mercer county; the Hon. A. A. SMITH, Judge, presiding. .

The case is fully stated in the opinion.

Messrs. J. R. & I. N. BASSÉTT, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the Circuit Court of Mercer county, and a verdict and judgment for the plaintiff. To reverse this judgment the defendant brings the record here by appeal, and the only point he makes is, that the deed on which plaintiff relied was not acknowledged as the law requires, and the certificate of conformity thereto was not in pursuance of the statute. It was acknowledged before Seth Frinkham, notary public.

The objection to the certificate of acknowledgment was the same as that made and sustained by this court in the case of *Vance* v. *Schuyler et al.*, 1 Gilm. 163. The deed purported to have been made in 1818, in the State of Massachusetts, and no locality was given to the acknowledgment other than this, " Lincoln, *ss.*, Wiscasset, April 11, 1818."

This case, however, differs from the case in Gilman, that, while in that there was nothing appearing to furnish evidence of the locality, in this there is such evidence, and that is in the certificate of the clerk of the Superior Court of Suffolk

county, Massachusetts, of the 4th of February, 1867, as follows: "Commonwealth of Massachusetts, Superior Court, Suffolk county, *ss.*: I, F. H. Underwood, clerk of the Superior Court in the county of Suffolk, State of Massachusetts, being a court of record, do certify that Seth Frinkham was, on the 11th day of April, 1818, a notary public in the county of Lincoln, in the State of Massachusetts, duly commissioned and qualified to act as such. And I further certify that the signature of the said Seth Frinkham to the annexed acknowledgment is genuine, and that said acknowledgment is in conformity with the laws of said State of Massachusetts, in force on the 11th day of April, 1818." In witness, etc., with the seal of the court attached.

The appellant insists that this certificate does not mend the matter, there being nothing to show that the clerk of the Superior Court of Suffolk county is the keeper of the record, showing the appointment of notaries public for the county of Lincoln, and that it does not prove that Wiscasset was in Lincoln county, and that the acknowledgment was there taken. He insists the execution of the deed should have been proved by the subscribing witness to it.

There is no statute of this State, of which we are aware, requiring a deed for land executed in this State to be acknowledged in the county where executed, or in any particular county. It is sufficient, to entitle it to record, that it be acknowledged before some officer in the State authorized by law to take the acknowledgment, and if executed and acknowledged in a county in which the land is not situate, and if before a justice of the peace, the proper certificate of magistracy must be appended. The court, where a question is made about these requirements, will examine the deed in connection with the acknowledgment, and if it appears to have been executed in this State and acknowledged before a competent officer of a county in the State, though that does not appear distinctly from the acknowledgment, it will be so presumed; as, for example, a deed is executed in Cook county by and between persons describing themselves as of the State of Illinois, and it

is acknowledged before a notary public as follows : " Cook, *ss.*, Chicago, December 19, 1850. Personally appeared," etc. Would it not be a fair and necessary intendment, that the acknowledgment was taken in Chicago, in the county of Cook, in the State of Illinois? We think so. Should not the presumption be the same as to a deed executed without the State, wherein the parties are described as of a particular State, and the acknowledgment follows, as in this case, immediately after the signature? Would it not be a fair presumption that the deed was acknowledged, in the absence of any proof to the contrary, in the State of the parties' residence and in the county also?

But, whether or not this be so, we are of opinion the certificate of the clerk of the Superior Court of the county of Suffolk, State of Massachusetts, rendered the deed a competent instrument of evidence, though that clerk may not be the keeper of the records of the appointment of notaries public in the county of Lincoln. It is a certificate of conformity in exact compliance with our statute, which provides, that any clerk of a court of record within the State where the deed was executed and acknowledged, may certify under his hand and the seal of such court, that such deed or instrument is executed and acknowledged in conformity with the laws of the State where executed. This deed having been executed in Massachusetts, the certificate of this clerk fulfills this requirement, and other proof was unnecessary. Proof of the official character of a notary public using a notarial seal, is not required. The judgment is affirmed.

*Judgment affirmed.*