Tuten v. Gazan—Opinion of Court.

CHARLES D. TUTEN, APPELLANT, VS. NATHAN GAZAN, AP-
PELLEE.

1. No objection can be urged in the Appellate Court to the evidence
given in the court below, except as to its sufficiency, unless objec-
tion was there made when it was received.

2. Certified copies of record and papers lawfully left in the office of the
Secretary of State are, by statute, made competent evidence, as
the originals would be.

3. When testimony is received without objection it is considered as re
ceived by consent.

4. The statute laws of other States must be proved before the courts
of this State like other facts or evidence.

5. When the time for taking testimony in chancery causes has expired
by the rules, it is within the sound discretion of the court to ex-
tend the time upon good cause shown.

6. The acknowledgment of deeds and other writings before a Commis-
sioner appointed by the Governor to take acknowledgments, &c.,
in other States within the United States, are not required to be
certified by him under an official seal, his private seal only being
required by the statute.

7. Where the officer taking an acknowledgment of a deed styles him-
self such in his certificate, that is *prima facie* evidence of the fact
that he is such officer.

Appeal from the Circuit Court for Madison county.
The facts of the case are stated in the opinion.

*W. C. McCall* for Appellant.

*H. J. McCall* and *C. W. Stevens* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This was a bill in equity to foreclose a mortgage upon
personal property filed by appellee. The bill shows that
Tuten, at Quitman, Georgia, made his note to Gazan for
fifty dollars, with interest, and "ten per cent. attorney's
fees if legal proceedings are commenced for collection."

Tuten, at the same time, executed a mortgage upon horses and other stock to secure payment of the note, which was given for plantation supplies, as well as to secure the payment of such other advances as Gazan " may make to the party of the second part during the present year," (1881,) and advances were so made to the amount of $270.13, as per account annexed, of which there remains due $167.43, including the note. The answer admits the execution of the note and mortgage, but says the mortgage is not a lien upon the property, because the acknowledgment thereof was taken in Georgia before one Thrasher as a Commissioner appointed by the Governor of Florida, but that his commission was vacated by his removal to Florida ; and, further, that the certificate of acknowledgment is not attested by his official seal, and, therefore, the mortgage could not legally become a lien, and is of no binding force. Further, that the note has been fully paid. It alleges, also, that the account of goods and advances annexed to the bill is not correct, as some of the articles charged therein were not purchased by him, or by his authority ; that complainant is a merchant in Georgia, where the account was made and contracted so far as it was made, and complainant did not have his weights and measures tested and marked by the ordinary of the county, wherefore he is not entitled to a judgment or decree upon said account. Replication was filed.

The testimony contained in the depositions of complainant and his clerk proved the account to be correct, and that defendant had promised to pay it. The note and mortgage were put in evidence. The certificate of the acknowledgment of the mortgage had the private seal of the Commissioner annexed, and stated that he had no official seal. A copy of the Commissioner's official commission, certified by the Secretary of State, was also introduced and received

in evidence. No testimony was offered by the defendant. A decree was rendered for the amount due as claimed in the bill and established by the evidence, and directing a sale of the property, and defendant appealed.

The appellant alleges as error that the note and mortgage were admitted in evidence against his objection. Not only were the execution of the note and mortgage admitted by the answer, but no objection appears in the record to their introduction as evidence.

Appellant claims that the certified copy of the commission of Thrasher, the Commissioner of Deeds, was improperly admitted in evidence after objection thereto. Certified copies of books and papers lawfully kept in the office of Secretary of State are made competent evidence by statute as the originals would be. No objection to the paper being received as evidence appears in the record made by appellant.

It is claimed that the depositions of Gazan and his clerk were admitted in evidence notwithstanding appellant's objection thereto. No objection however appears by the record to have been made to the depositions. The objections now urged against them are that the commission to take the testimony was issued by the Judge and not by the Clerk; that the place of their execution does not appear therein, and that the interrogatories and testimony are not separate, but the answer to each interrogatory follows it in order.

The rule of law is, however, that where testimony is received without objection it is considered as received by consent. (2 Greenleaf's Ev., §326; 3 Bibb, 86; 4 ib., 535.) No such objection can be urged in the Appellate Court that was not taken in the court below, except as to its sufficiency.

It is claimed further that complainant should have been

required to prove that his weights and measures had been tested and marked according to the laws of Georgia, and the decisions of the Georgia courts are cited to show that this should be proved by complainant before he could recover for goods sold by weight or measure. The court which tried this cause, however, could not know the laws of Georgia, unless they are proved in the manner pointed out by statute, (McClellan's Dig., 514,) or by the rules of the common law to make them evidence. 1 Greenleaf's Ev., §§480, 489.

The record does not show that there was any such proof before the Chancellor.

The appellant urges further that the court erred in refusing further time to take testimony, to-wit: to produce and prove a " pass-book " in his possession in which the complainant had entered from time to time the items of account of goods purchased by him from complainant, and that such pass-book would show that the complainant's account was not correct. The cause having been at issue since January 3, 1880, and the hearing being had in July, the time for taking testimony under the rules having expired, the court refused to allow further time, the pass-book having been in defendant's possession. The pass-book was not produced, nor was any reason given for not producing it.

The extension of time for taking testimony is in the sound discretion of the court, and we cannot say that this discretion was abused in this case. See Rules of the Circuit Courts in Equity, Rule 71.

Appellant insists that complainant having introduced evidence upon the hearing, he should be allowed further time to take testimony. We do not find that any testimony was offered by appellant upon the hearing, and it was not proposed by him to take any testimony to rebut

the documentary or record evidence produced by the complainant on the hearing, which evidence consisted only of the certified copy of the commission of the officer who took the acknowledgment of the mortgage, and which was put in evidence without objection.

Appellant insists that the mortgage was not valid for any purpose under the statute, which provides that " no mortgage of personal property shall be effectual or valid to any purpose whatever, unless such mortgage shall be recorded in the office of records for the county in which the mortgaged property shall be," &c., and mortgages of personal property shall be admitted to record upon being proved or acknowledged in the manner provided by law for the proof or acknowledgment of deeds, &c., of real property. The ground of the objection to this mortgage is that the commissioner who took the acknowledgment thereof did not affix thereto his *official* seal, and that a private seal or scroll with a pen is not sufficient.

The act of January 28, 1831, (found in McClellan's Dig., 185,) authorizing the appointment of commissioners to take acknowledgment of deeds, &c., in other States to be recorded in this State, requires the certificate to be made under *his seal*. It nowhere requires that the commissioner shall have an official seal bearing any device or of any particular character. Nor is there anything in any of the laws regulating the execution of deeds or other instruments or the proof thereof for record when the acknowledgment or proof is made before an officer appointed by the Governor of this State, except where a deed is executed in a foreign country. In that case the commissioner shall affix his " *seal of office.*" ( Ch. 1939, §2, Laws of 1873 ; McClellan's Dig., 218.) In the present case the act of 1831 requires the commissioner to certify the acknowledgment under his seal, which imports his private seal, and this he has affixed as appears by his certificate.

Where the officer taking the acknowledgment styles himself such an officer, as is authorized, that will be *prima facie* evidence of the fact of his being so. This is expressly decided in 4 Wash. C. C., 718; 1 Peter's C. C., 429; 2 Hammond, Ohio, 55; 4 Dana, Ky., 470; 2 Phill. Ev., 585, 4 Am. Ed.

The commissioner here signed the acknowledgment as follows: "In witness whereof I have hereunto set my hand and affixed my common seal, as I have not an official seal, the day and year first above written. J. S. Thrasher, L. S., Commissioner of Deeds for Florida in and for the State of Georgia." In the body of the certificate he describes himself as: "A commissioner duly appointed and authorized by the Executive authority of Florida under the laws of said State to take within the State of Georgia proof and acknowledgment of deeds, &c., to be used and recorded in said State of Florida." This was sufficient to authorize the recording of the mortgage.

The decree is affirmed.