ALLEN TATOM et al. v. WILLIAM H. WHITE and JAMES M. WHITE.

*Attorney and Client—Evidence—Execution of Deed—Fraud—Officer—Registration—Witness—Deputy Clerks—Estoppel—Curative Statutes.*

1. Proof that a person acted and was recognized as a public officer, is *prima facie* evidence that he was duly qualified. This rule is applicable alike to criminal and civil actions, and to actions in which the officer is himself a party. If, however, the title to the office, or the legality of the appointment is put in issue by the pleadings, the proof must support the allegation.

2. Deputy clerks cannot take proofs of the execution, or make orders concerning the registration of instruments required to be registered.

3. Section 1260 of *The Code*, rendered valid all probates of deeds, &c., made before the officers therein named, prior to the twelfth day of February, 1872; and registrations made in pursuance of such pro-

bates, are embraced within the operation of the statutes, although made after that date, but before the enactment of *The Code.* Such legislation does not disturb vested rights.

4. A person who cannot write, but who makes his mark, or uses any other device by which he, or others, may identify himself with the transaction, is a competent attesting witness to the execution of written instruments.

5. The registration of a deed, or other instrument requiring registration, made upon proof of execution by a witness who could not write, but who in fact witnessed the signing, and directed his name to be subscribed as a witness, is not void, though irregular; and on a trial, upon proof of the execution by such witness or other competent testimony, the deed will be admitted in evidence without further registration.

6. If a party to an action introduced a certified copy of a deed, stating at the time that he did so for the purpose of showing that both parties claimed under the same person, " and for the purpose of attacking it for fraud," he waives all defects and irregularities of probate and registration.

7. No presumption of fraud arises from the fact that an attorney at law purchased valuable property from an infirm old man, unless it be further shown that the relation of attorney and client existed between them in relation to that matter, or there was undue influence, advantage, or some other evidence of actual fraud.

(*Swindell* v. *Warden*, 7 Jones. 575; *Tabor* v. *Ward*, 83 N. C., 291; *Alexander* v. *Commissioners*, 70 N. C., 208; *King* v. *Foscue*, 91 N. C., 116; *Holmes* v. *Marshall*, 72 N. C., 37; *Young* v. *Jackson*, 92 N. C., 144; *State* v. *Byrd*, 93 N. C., 624; *McKinnon* v. *McLane*, 2 D. & B., 69; cited and approved).

This was a CIVIL ACTION for the recovery of land, tried before *MacRae, Judge,* at Fall Term, 1886, of BLADEN Superior Court.

The plaintiffs claim title to the land described in the complaint under the will of Malcolm McInnis, who died in 1870 or 1871. His will was executed on the 18th of March, 1858, and proven on the 30th of August, 1882.

The defendants claim title to the same land by virtue of a deed executed to them and John A. Richardson and B. F. Rinaldi, by Malcolm McInnis, the testator above named, on

the 15th of October, 1870. This deed was proven on the 22d of the same month, before one Hall, the deputy clerk of the Superior Court of the county of Bladen, and by him ordered to be registered on the 5th of April, 1878.

On the trial, the plaintiffs put in evidence the will above mentioned, claiming that by it the land in question was devised to Catharine Tatom, their mother, who died intestate on the 21st of September, 1881. They claim as her heirs at law. They also put in evidence the deed above mentioned, stating that they did so " for the purpose of showing that the defendants also claimed title under M. McInnis, and for the purpose of attacking it for fraud."

In the further progress of the trial, the plaintiffs having then introduced the deed, insisted and asked the Court to so hold, that it was not proven and registered according to law, because the deputy clerk was not such deputy, and if he was, he had no authority to take proof of deeds and order the same to be registered ; and because the subscribing witness to the deed could not write and did not write his name, but it was written for him by one of the defendants." The Court declined to so hold, but decided, "that the plaintiffs having offered this deed in evidence without objection, could not now object to it on account of a defect in the probate." The plaintiffs excepted.

The deputy clerk testified that he was such officer at the time the deed was proven before him. It seems that his testimony was not questioned.

It appeared that one of the vendees, John A. Richardson, was an attorney at law, and prepared the deed, but there was no evidence that the relation of client and attorney ever existed between him and the vendor. The defendant, W. H. White, another of the vendees, was present when the deed was executed, and asked one Hammond, who was also present, to witness it, and being informed that Hammond could

not write, at his (Hammond's) request, subscribed his name as an attesting witness.

It was further proven that the vendor was at the time of the execution of the deed an old and infirm man; and there was much and conflicting testimony as to his capacity and the influences operating on him at the time.

Among other issues submitted to the jury were these:

"5. Was McInnis competent or capable of making a deed on the 15th of October, 1870?

"6. Was said deed procured by fraud, undue influence or misrepresentation."

The plaintiffs requested the Court to instruct the jury:

"1. That if they believed that John A. Richardson, one of the grantees in the deed to the defendants in this action, was the attorney of the grantor, M. McInnis, and that said deed is in the handwriting of John A. Richardson, then said deed is void without other evidence of fraud, and the jury should find for the plaintiffs.

"2. That if the jury believed that the deed of October 15th, 1870, from McInnis to defendants in this action, was drawn by W. H. White, one of the grantees in said deed, and that said grantor, McInnis, was a very old man, and trusted said grantee, White, to prepare said deed for him, McInnis, then for the purpose of making said deed the said W. H. White was the attorney for said McInnis for preparing aforesaid deed, and whenever the relationship of attorney and client exist, and the attorney accepts a personal benefit in a transaction with his client, then the law presumes that the personal benefit was obtained by fraud, unless this presumption is rebutted, and the burden of proof is on the defendants to show the *bona fides* of the transaction."

The Court declined to give these instructions, and charged the jury upon that point as follows:

"There is no proof of such relation of attorney and client existing between the grantor, McInnis, and the grantee,

Richardson, as would raise a presumption of fraud from the fact that Richardson prepared the deed. But if you have been satisfied that McInnis was old and of feeble intellect, and that Richardson was a lawyer and prepared the deed, and procured it to be executed by his own acts, or through any one else, and obtained an advantage by such deed as that he became the grantee of an interest in said land, at an inadequate price, the presumption of law would be that this advantage was procured by fraud, and that the deed is void, and the burden would be upon the defendants to satisfy you that it was a fair transaction. And so if you are satisfied that McInnis was old and feeble in mind and body, and that the deed was prepared by W. H. White, and its execution procured by him, or, whether he prepared it not, if he procured it to be executed, and that he derived an advantage therefrom, as by obtaining an interest in the land at an inadequate price, the presumption of law would be that it was obtained by fraud or undue influence, and it would rest upon the defendants to satisfy you it was a fair transaction, for if bad on account of fraud or undue influence as to one grantee, it is bad as to all. But there has not been proven any such confidential relations between them as would in the first instance raise a presumption of law that the deed is fraudulent." Plaintiffs excepted.

There was a verdict and judgment for defendants, and plaintiffs appealed.

*Messrs. Thos. H. Sutton* and *N. W. Ray*, for the plaintiffs.
*Mr. C. C. Lyon*, for the defendants.

MERRIMON, J. (after stating the case). That Hall was a deputy, might be proven by himself, or other witnesses who knew the fact that he was recognized and acted as deputy, and as nothing to the contrary appeared, the presumption was that he was duly appointed and sworn, and had author-

ity as a deputy clerk. Evidence that a person acted as a public officer, and that he was known as such, is *prima facie* evidence of his official character, without producing his commission or appointment. All who have acted and act as such officers are presumed to have been duly appointed to the offices each professes to hold until the contrary appears, and it is not material how the question as to official character arises, whether in a civil or criminal action, nor whether the officer is or is not a party to the action, unless being plaintiff he unnecessarily avers his title to the office, or the mode of his appointment, thus putting directly in question his title or his appointment. In that case the proof must support the allegation.

Such evidence is competent, and comes within a well-settled exception to the general rule that the best evidence must be produced. This exception is founded in general practical convenience. *Swindell* v. *Warden,* 7 Jones, 575; *Cotton* v. *Beardsley,* 38 Barb. 29; *Rex* v. *Murphy,* 8 C. & P., 297; *McCoy* v. *Curtice,* 9 Wend. 17; 1 Greenleaf on Ev. §§83, 92, and numerous cases cited in the notes.

It is true, that at the time the deed in question was proven regularly, deputy clerks could not, nor can they now, take proof of deeds and other instruments requiring registration; but an erroneous impression prevailed then and before that time, that they and the Judges of the Courts had authority to do so, and in many instances they undertook to exercise such authority. This was attributable to confused legislation on the subject of the probate of deeds and other instruments, and the fact that such officers were invested with such power before the present statutes on that subject were enacted. To cure errors in this respect, and render effectual many official acts done by honest misapprehension of the law, the Legislature enacted (*The Code,* §1260; Acts 1871–'72, ch. 20, §1), that "Whenever the Judges of the Supreme or Superior Court, or the Deputy Clerks of the Superior Court, mistaking

their powers, have essayed previously to the twelfth day of February, one thousand eight hundred and seventy-two, to take the probate of deeds and the privy examination of *femes covert*, whose names are signed to such deeds, and have ordered said deeds to registration, and the same have been registered, all such probates, privy examinations and registrations so taken and had, shall be as valid and binding to all intents and purposes, as if the same had been taken before, or ordered by, the Clerk of the Superior Court, or other officer having jurisdiction thereof."

This statutory provision is remedial in its nature and purpose, and plainly embraces such probates and registrations as that now under consideration. The certificate of proof of the deed and the order of registration, were made before the day specified in the statute, and in pursuance of the order, it was registered before the enactment of *The Code*, which embraced the re-enactment of the original act mentioned. As we have said, the statute is remedial, and it must receive such interpretation as will effectuate the remedial purpose. It does not, therefore, imply that the registration must have been before the day specified. The scope of the purpose embraces any registration done in such cases before the enactment of *The Code*.

The Legislature has power to pass, repeal or modify registration laws from time to time. Over the subject of registration it has complete control, and the exercise of its power cannot be deemed an interference with vested rights. The statute set forth above, simply renders effectual, acts purporting to be official, and which served the purpose of the law in giving notice of the deed and the transaction it was intended it should be evidence of. *Tabor* v. *Ward*, 83 N. C., 291 ; *Alexander* v. *Commissioners*, 70 N. C., 208; *King* v. *Foscue*, 91 N. C., 116; *Holmes* v. *Marshall*, 72 N. C., 37; *Young* v. *Jackson*, 92 N. C., 144.

The witness who purported to attest the execution of the deed, testified on the trial, that he "witnessed the signing of the deed," but "did not sign his name a subscribing witness thereto,"—one of the defendants subscribed his name as witness for him. He further testified that he "don't write—can read writing a little."

An attesting witness by his written signature identifies himself with the deed, or other instrument as the case may be, as such witness, and he thereby declares that he knew and saw the party making it execute it, or that such party acknowledged before him that he had done so. He does an important act. He ought to be able to write his name—to know his handwriting, and sufficiently intelligent to understand why he writes his name as such witness. But a person who cannot write is not necessarily inelligible—unfit—to be a witness. He might be able to make a mark or device that he would know and recognize himself easily, and that others might know, just as they might know the handwriting of any person. Most assuredly such a person would be a good or sufficient attesting witness. *State* v. *Byrd*, 93 N. C., 624.

But granting, in this case, that the attesting witness was objectionable and insufficient, the registration made upon the certificate of probate, and the order of registration, was not therefore void. The deputy clerk recognized and examined him as the attesting witness, and made the order of registration. This order, though not regular, was not void, and it warranted the registration. Such registration was good—it served the purpose of the law, and gave notice of the deed, just as if the witness had written his name. As the witness was not properly an attesting witness, it was competent and proper—necessary if required, to prove the deed on the trial by any competent evidence as by the witness who purported to be the attesting witness. This was done, and this was sufficient. *McKinnon* v. *McLean*, 2 D &

B. 79. Thus it appears that the deed was sufficiently registered.

We think, also, that the Court properly held that the plaintiffs could not be allowed to question the registration of the deed on the trial. They introduced and took benefit by it, without at first intimating any defect in or objection to the probate. They were justly treated, as having waived any objection in that respect, and as concluded by such waiver.

Very clearly the plaintiffs were not entitled to have the special instructions prayed for by them. We have examined the evidence sent up with care, and are satisfied there was none that the relation of attorney and client ever existed between John A. Richardson and Malcom McInnis, the maker of the deed in question; nor was there evidence of such relation between the latter and the defendant William H. White.

While the law scrutinizes transactions between attorney and client as to the former, such relation must exist before the presumption of fraud arises as against the attorney, in respect to transactions between him and another person. The mere fact that an attorney purchases a piece of property from an old man with whom he is on friendly and intimate terms, raises no presumption adverse to him in respect to such transaction. He may buy and sell just as other persons may do. And so also, he like others, may obtain property or valuable advantage from an old and infirm man by fraud and fraudulent practices, for which he may be called to answer in courts of justice, but he will stand on the same footing and be treated as other ordinary litigants.

It is alleged that the maker of the deed mentioned was a very old and infirm man—that he was a lunatic and had not mental capacity to make a deed, and that the bargainees procured its execution by fraud: There was much evidence tending to prove these allegations produced on the trial by the plaintiffs, while on the other hand there was much of

the defendant's, tending to prove the reverse. The issues in these respects, it seems, were the ones most strongly controverted. Indeed, the merits of the case turned upon them and the principal questions were those of fact for the decision of the jury. The Court in its instructions to the jury stated the law applicable with clearness and fairness. The plaintiffs " excepted," but specified no particular grounds of exception, nor did they assign errors. We discover none, certainly none of which they can justly complain.

No error. Affirmed.