*THEO. GORDON et al. v. AUSTIN COLLETT et al.

*Res Judicata— Probate by Deputy Clerk—Curative Act.*

1. When a question has been decided on a former appeal to this Court in the same action, the matter ·is *res judicata* and not open for reconsideration by the Court below.

2. The statute of 1889, ch. 252, validates probates of deeds and privy examinations taken before a Deputy Clerk prior to January 1, 1889, and it is immaterial whether the Deputy Clerk, in making the probate, signed as Deputy Clerk or merely signed the name of the Clerk thereto.

3. The curative statute (Acts 1889, ch. 252) is constitutional and valid if rights of third parties have not accrued, but it would not divest the title of a party acquired by a subsequent deed from the same grantor which is registered prior to the enactment of the curative statute.

This was a CIVIL ACTION, tried before *Merrimon, J.,* at Fall Term, 1890, of BURKE Superior Court.

The same cause has been twice before in this Court—102 N. C., 532, and 104 N. C., 381—in the first of which cases the facts are fully stated.

The plaintiff offered in evidence, *inter alia,* the note of memorandum of a contract between Mrs. M. C. Avery and Austin Collett, which is set out in the former report of this case in 102 N. C., 532. .

The defendant Rufus Avery objected to the introduction in evidence of this instrument on the ground that it was not a sufficient note or memorandum of a contract to convey land under the statute of frauds.

His Honor stated that he would reserve the question for the present, and admitted the paper.

The plaintiffs having rested, Rufus Avery, the defendant, introduced T. G. Anderson as a witness, who testified, that,

*Head-notes by CLARK, J.

on the 22d day of August, 1887, he (the witness) was acting as Deputy Clerk of the Superior Court of Burke County, and, as such Deputy Clerk, he filled out the certificate of adjudication of the correctness of the probate on the mortgage deed from Collett and wife to the plaintiffs, and the order of registration, and signed the name of S. T. Pearson, who was Clerk of said Court, to said certificate, ordering the same to be registered; that the Clerk was not present at the time, and did not adjudicate that the Justice's probate, or his certificate thereof, was correct.

To this evidence the plaintiffs objected, and, upon its admission, excepted. Defendant Avery introduced a deed to himself from Mrs. M. C. Avery for the land in question—the same described in the mortgage. His Honor thereupon stated that he would charge the jury that if the evidence of Anderson was believed, the mortgage deed was invalid as against the defendant Rufus Avery, on the ground that the adjudication by Anderson of the correctness of the probate thereof was not in accordance with law, and further, that the paper offered as a memorandum of contract to convey the land to Collett by Mrs. Avery was not a contract to convey the land, and could not affect the rights of the defendant Rufus Avery.

The plaintiffs insisted that the probate was sufficient under the statutes, and that the note, or memorandum of the contract, was also sufficient under the statute of frauds.

His Honor stated that he would charge the jury to the contrary on both points, whereupon the plaintiffs excepted, and, in deference to the opinion of his Honor, submitted to a judgment of nonsuit, and appealed.

*Mr. S. J. Ervin,* for plaintiffs.
*Messrs. J. T. Perkins, John Devereux, Jr.,* and *J. B. Batchelor,* for defendants.

CLARK, J.: There are two exceptions stated—

1. The Court below held that the note, or memorandum, between M. C. Avery and Austin Collett was not sufficient, under the statute of frauds. When this case was first here, 102 N. C., 532, the same point was presented, and this Court held that the memorandum was "a sufficient compliance with the statute." The question is *res judicata*. We must presume that the attention of his Honor was not called to the decision heretofore made by the Court.

2. The probate of the mortgage executed by Collett to plaintiff was in due form, of date of August 22d, 1887, and purported to be signed by the Clerk of the Superior Court. It appeared in evidence that the probate, though so signed, had, in fact, been made by the Deputy Clerk. The Court thereupon held that the probate was invalid. Chapter 252, Acts of 1889, amending *The Code*, § 1260, validates all probates of deeds and privy examinations of married women taken prior to January 1st, 1889, by Deputy Clerks, and others named in the act who have mistaken their powers, and enacts that such probates, and the registrations in pursuance thereof, shall be as valid and binding as if the same had been taken before, or ordered by, the Clerk of the Superior Court. The power of the Legislature to make such enactment was sustained in *Tatom* v. *White*, 95 N. C., 453. It can make no difference whether the Deputy Clerk, who supposed he had the power to take the probate in the way he did, attested it by his own signature or signed the name of the Clerk. In either case the probate was his, and his alone, and he mistook his powers in assuming to make it. But for the Act of 1889, in either case the probate would have been invalid, and now, by virtue of that act, it is made "valid and binding for all intents and purposes."

It was earnestly contended by defendant's counsel that in *Tatom* v. *White, supra*, the validating act of 1871–'72 was adopted before third parties had obtained a conveyance of

the land, and that decision went no further; that where a conveyance is not proved in the manner required by law, the public register has no authority to record it. *Todd* v. *Outlaw*, 79 N. C., 235, and *Duke* v. *Markham*, 105 N. C., 131; that a subsequent purchaser from the grantor in such instrument gets a good title, and that a curative act passed, validating the defective probate after the registration of the conveyance to the subsequent purchaser, could not divest his vested rights. We concur in this view. But it has no application to the case before us. The defendant Rufus Avery claims under a deed from M. C. Avery, recorded July 8th, 1888; the plaintiff claims under a contract to convey made by M. C. Avery to Collett, which was registered June 22d, 1888, and by mortgage executed by Collett to plaintiff. This mortgage is only of use as putting Collett's equitable title into the plaintiff. It need not have been recorded, as against Rufus Avery, till just before it was offered in evidence. If defectively probated, it might have been re-probated during the trial and offered in evidence. The act of the Legislature simply avoided a necessity for doing this. Had Collett, after having conveyed to plaintiff by this defectively probated mortgage, executed to defendant Rufus Avery a conveyance which was properly probated and registered, the curative act, if passed subsequent to registration of the last named deed, could not divest the rights acquired thereunder. But such, as we have seen, is not the state of facts in this appeal, so far as it appears in the record. It is true that Rufus Avery alleges, in his answer, that Collett abandoned his rights under the contract with M. C. Avery before the mortgage to plaintiff; also, that he has assigned his rights to him (Rufus Avery).

The plaintiff, in his pleadings, contends that Collett executed a prior mortgage to him, which was duly recorded, and for which the present mortgage was given in renewal; that Rufus Avery was the agent of M. C. Avery in making the contract with Collett, and having knowledge of plain-

tiff's mortgages, by combination and conspiracy with Collett, and with intent to defraud the plaintiff, procured M. C. Avery (who had no notice thereof) to execute the deed to Rufus Avery, and that Collett has remained all the while, and still is, in possession. These and other issues of fact and of law may arise upon the trial, but this appeal comes up on the nonsuit, and the only points now presented for our consideration are the rulings of the Court in the two particulars stated.

*Per Curiam.* Error.