MARY W. PILAND v. JESSE TAYLOR et al.

*Probate of Deed—Judicial Functions—Deputies—Certificate of Officer Prima Facie Evidence of Authority.*

1. The probate of a deed is an act judicial in its character.

2. An officer clothed with judicial functions cannot delegate the discharge of the same to a deputy.

3. By an act of 1829 (Revised Code, ch. 37, §2) the deputies of County Court Clerks were expressly authorized to take acknowledgment and proof of deeds, and in exercising such functions a deputy acted by force of the statute alone, and not as the agent of, or by a delegation of authority from, the Clerk. Therefore, where on a trial a deed purporting to have been executed in 1852 by a grantor to a grantee who was at the time a Clerk of the County Court was offered in evidence and objected to on the ground that the deputy could not, by reason of the interest of his principal, take the probate thereof: *Held*, that the deed should not have been excluded on such ground.

4. In such case, the deputy having independent authority under the statute to take the probate, and it appearing from the certificate that he, and not the Clerk, performed the duty, the insertion of the Clerk's name before the words "per B. W. Cowper, D. C.," did not invalidate his act.

5. Proof of the official character of an officer taking an acknowledgment of a deed is not necessary to give it validity in the absence of any statute requiring such proof, if the certificate is in due form and purports to be made by an officer authorized by law to take acknowledgments, etc. Therefore, the certificate of probate of a deed by a deputy clerk, expressly authorized by statute to take acknowledgment, etc., the deed having been duly registered, was *prima facie* evidence of his appointment and qualification, and it was error to exclude the deed as evidence on the ground that the signature of the deputy clerk was not a sufficient evidence of his official character.

CIVIL ACTION to recover land, tried at Spring Term, 1893, of GATES Superior Court, before *Bynum, J.*, and a jury.

Upon the trial the defendants offered in evidence a deed conveying the *locus,* which was objected to by plaintiff on the grounds referred to in the opinion of Chief Justice SHEPHERD. The objection being sustained, the defendants appealed.

*Mr. W. D. Pruden,* for plaintiff.
*Mr. L. L. Smith,* for defendants.

SHEPHERD, C. J.: The question presented for our consideration is, whether there was error on the part of the Court in excluding the deed which was offered in evidence by the defendants. This deed purports to have been executed in August, 1852, by one Elisha Umphlett to Henry L. Eure, and was registered on the 18th of January, 1861. It appears from the certificate of probate that it was proved upon the oath of one of the subscribing witnesses before R. B. G. Cowper, deputy clerk, and it is insisted that as the Clerk, Henry L. Eure, was the grantee in the said deed, his deputy could not, by reason of the interest of his principal, take the probate thereof.

A deputy is usually defined to be one who, by appointment, exercises an office in another's right. He is regarded as an agent or servant of his principal, who must, as a

general rule, do all things "in his principal's name, and for whose misconduct the principal is responsible." *Willis* v. *Melvin,* 8 Jones, 62; *Holding* v. *Holding,* 2 Carolina Law Rep., 440; *Martin* v. *Mackonochie,* L. R. 3, Q. B. Div., 741. "The authority given by law to a ministerial officer is given to the incumbent of the office. The authority is not given to the deputy, but to the principal, and is exercised by the principal, either by himself or his deputy." 5 Am. & Eng. Enc., 624. Had Mr. Cowper been authorized, as is held in some of the States, to take the probate of deeds by virtue simply of his position as deputy, he would, it seems, have been acting only as an agent or servant of the Clerk, and his act being necessarily that of the Clerk, and deriving its efficacy entirely through him, the probate would have been void. This result would follow, not because of any statutory inhibition at that time similar to the provisions of the existing law (*The Code,* § 104), which forbids the Clerk to take the probate of any deed to which he is a party, but for the reason that in so acting he would be offending a fundamental rule in the administration of justice, which is embodied in the maxim, "*Nemo debet esse judex in propria sua causa.*" Mr. Cowper, however, had no authority, merely as deputy, to take the probate of a deed, as such an act has been decided in this State to be judicial in its character (*Shepherd* v. *Lane,* 2 Dev., 148; *Suddereth* v. *Smyth,* 13 Ired., 452; *Tatom* v. *White,* 95 N. C., 453), and it is well settled that an officer clothed with judicial functions cannot delegate the discharge of those functions to another. Broom's Leg. Max., 808. The Act of 1777, ch. 115 (Rev. Code, ch. 19, § 19), providing for the qualification of deputy clerks, did not change, in any respect, the principle of the common law that the Clerk could only delegate to another the performance of the ministerial functions of his office (*Jackson* v. *Buchanan,* 89 N. C., 74); and in respect to this very matter of the probate of deeds, it was held in Suddereth case, *supra,* that but for the express provisions of

the Act of 1829 the deputy could not exercise such a function. It is there explicitly held that such a power cannot be delegated by the Clerk, but is conferred upon the deputy by force of the statute alone. This being so, the conclusion would seem to be irresistible that in taking the probate of a deed the deputy is not acting merely as an agent or servant of the Clerk, but is performing an independent judicial function which is vested in him by law so long as he occupies such an official position.

We are therefore of the opinion that the authority of the deputy in this instance was in no way affected by reason of the interest of the Clerk.

There is some conflict of authority in other jurisdictions as to whether the deputy should sign the certificate in his own name or in that of the Clerk, but as the decisions chiefly relate to cases in which the taking of a probate is held to be a ministerial act, they can have but little practical bearing upon the present question. According to the views we have indicated, the deputy (Cowper) had the authority, under the provisions of the Revised Code, to take this probate; and as it plainly appears from the certificate that he, and not the Clerk, performed this duty, the insertion of the Clerk's name before the words " per R. B. G. Cowper, D. C.," cannot invalidate his act.

It is further contended that the signature of Cowper in the capacity of deputy clerk was not in itself sufficient evidence of his official character, and that, for this reason, the deed was properly excluded.

When the deed was proven and registered in 1859, the deputy of the Clerk of the County Court was, as we have seen, expressly authorized to take the acknowledgment and proof of deeds, etc. (Rev. Code, ch. 37, § 2), and the official character of such deputy was so far recognized that it was provided, as a prerequisite to the validity of his acts, that he should take an oath " to support the Constitution of the

United States and of the State, and an oath of office." Rev. Code, ch. 19, § 15 ; *Shepherd* v. *Lane, supra*. It is also provided in the same section that the Clerks of the Superior and County Courts "shall keep their offices at the court-house in their respective county, where, by themselves or their lawful deputies, they shall give due attendance, * * * and that in case of death of the Clerk of any Court in the vacation, his deputy shall hold the office of Clerk until another shall be appointed," etc. The office of deputy clerk being thus recognized by the law, as well as the authority of such officer to take the probate of deeds, we are unable to see why he should be excluded from the presumption which generally obtains respecting the due appointment of persons purporting to discharge the duties of public official positions. Accordingly, it has been held that "if the person taking an acknowledgment styles himself an officer before whom an acknowledgment may be taken, his certificate is *prima facie* evidence of the fact that he is such officer." 1 Devlin on Deeds, § 500 ; *Tuten* v. *Gazan*, 18 Fla., 751. " The practice is to take a certificate which appears on its face to be in conformity with the statutes as proof of its own genuineness. * * * Accordingly, where the certificate describes the proper officer, acting in the proper place, it is taken as proof, both of his character and local jurisdiction." 1 Devlin, *supra*, § 500. In Lawson's Presumptive Evidence, 56, it is said : " To entitle deeds to be read in evidence, they are required to be acknowledged and recorded in a certain manner. A deed is produced purporting to have been acknowledged before a Justice of the Peace. The presumption is that the Registrar of Deeds who made the record had sufficient evidence of the official character of the magistrate to entitle the deed to be recorded." *Forsaith* v. *Clark*, 21 N. H., 409. To the same effect is the case of *Livingston* v. *Kettelle*, 41 American Dec., 166, in a note to which Judge FREEMAN says that " proof of official character of the officer taking an acknowledgment is not necessary to give it

validity in the absence of any statute requiring such proof, if the certificate purports to have been made by an officer authorized by law to take acknowledgments, and is in due form, but the certificate itself is *prima facie* evidence of that fact." *Carpenter* v. *Dexter*, 8 Wall., 513; *Willink* v. *Miles*, 1 Pet. C. C., 429; *Thompson* v. *Morgan*, 6 Minn., 292; *Harding* v. *Curtis*, 45 Ill., 252; *Thurman* v. *Cameron*, 24 Wend., 87. These authorities, as well as considerations of public policy, abundantly sustain the position that the certificate of the deputy clerk was, at least, *prima facie* evidence of his appointment and qualification.

We are of the opinion that the deed should have been admitted in evidence, and that there should be a

New Trial.