W. A. BLACKBURN et al v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY.

*Trial—Evidence—Admissions by Pleadings.*

1. It is not error to exclude evidence as to a fact admitted in the pleadings; hence,

2. Where, in an action by plaintiffs (husband and wife) to recover on a fire policy, it was alleged and admitted by the answer that the wife owned the property insured and that the husband was the assignee of the policy by defendant's consent; and on the trial the only issues were, Did the plaintiffs conspire to burn the property? and, Did the husband wilfully burn it?, it was not error to exclude, as evidence offered by defendant, the assignment on the policy, it having been admitted by the pleadings.

CIVIL ACTION, tried before *Robinson, J.,* and a jury, at December Term, 1895, of BUNCOMBE Superior Court. There was judgment for the plaintiffs and defendant appealed. The facts are stated in the opinion of Chief Justice FAIRCLOTH. (For former appeal, see 116 N. C., 821).

*Messrs. J. H. Merrimon, C. M. Stedman* and *Moore &
Moore,* for plaintiffs (appellants).

*Messrs. Burwell, Walker & Cansler* and *A. M. Fry,* for
defendants.

FAIRCLOTH, C. J.: At the last term (116 N. C., 821) the
judgment in this case was affirmed in all respects, except
that a new trial was granted only as to the 8th and 9th .
issues, to-wit: 1. "Did plaintiffs agree, conspire and con-
federate together to burn the hotel and furniture?"   2.
"Did W. A. Blackburn wilfully burn or cause to be burned
the hotel and furniture described in the complaint?"

On the trial of these issues, from which this appeal comes,
the defendant conceded that the burden of proving the
affirmative of the issues was upon him and offered in evi-
dence the assignment on the policies without stating for
what purpose.   The court excluded the evidence and the
defendant offered no other evidence.   The court directed
the jury, as the defendant had introduced no evidence, to
answer each issue "No," which they did.

In this Court the defendant excepts because the evidence
offered was ruled out, insisting that that would constitute
a basis of an argument as to the motions of the plaintiffs
bearing on the 8th and 9th issues.

The fact appearing from the assignment, to-wit, that W.
A. Blackburn was the assignee of the policies (by consent
of the defendant) and that C. A. Blackburn was the owner
of the property insured, was distinctly alleged and admit-
ted in the pleadings, and was relied upon in the former
trial as a main ground of defence, and was so argued in
this Court.   There was then no need to prove a fact agreed
upon or admitted in the record, and the rejection of the
evidence offered for that purpose was not error.   No rea-
son appears why a judgment *non obstante veredicto* should

have been rendered in favor of the defendant, as urged by him. This Court could consider no argument except on questions arising out of the last trial. All other matters were *res adjudicata*. *Gordon* v. *Collett*, 107 N. C., 362.

Affirmed.