JULIA PRESTON v. JULIAN G. ROBERTS.

(Filed 22 February, 1922.)

**Public Officers—Women—Justices of the Peace—Deputy Clerks—Deeds and Conveyances—Probate—Adjudication—Registration—Statutes.**

A woman is qualified to act as a notary public since the adoption of the amendment to the Constitution of this State, Art. VII, sec. 7; and also to pass upon the proper probate of a deed to lands, and make a valid certificate for its registration, when thereto deputized by the clerk of the Superior Court under the provisions of our statutes, C. S., 935, 3305.

CONTROVERSY without action, heard 27 January, 1922, by *Harding, J.,* at chambers in the city of Charlotte, on case agreed, from MECKLENBURG.

The defendant, on 21 January, 1922, executed and delivered to the plaintiff a deed conveying a lot in the third ward; the defendant acknowledged the execution of the deed before Miss Mary Newman, who was a notary public; and thereafter Mrs. N. B. Purse, a regularly appointed deputy clerk of the Superior Court, adjudged the probate to be in due form and according to law. Upon such acknowledgment and probate the deed was registered in the office of the register of deeds of Mecklenburg County. The legality of the acknowledgment and probate was assailed. The court held that the deed had been properly acknowledged and probated, and from the judgment rendered the plaintiff appealed.

*E. R. Preston for plaintiff.*

ADAMS, J. As to the formula of the acknowledgment and of the probate there is no controversy. The execution of all deeds of conveyance may be proved or acknowledged before a notary public (C. S., 3293), and the clerk of the Superior Court is authorized to appoint a deputy, who may probate deeds and other conveyances. C. S., 935, 3305; *Piland v. Taylor,* 113 N. C., 1. The appeal, therefore, presents the simple question whether a woman is now disqualified to serve in the capacity of notary public or deputy clerk. In *S. v. Knight,* 169 N. C., 334, it was held that the position of notary public is a public office, and that women were precluded from holding this office because they were not legally qualified voters (Const., Art. VI, sec. 7); and in *Bank v. Redwine,* 171 N. C., 559, it was plainly suggested that for the same reason a woman could not hold the position of deputy clerk. The disqualification upon which these decisions were based has since been removed by the adoption of the Nineteenth Amendment to the Federal Constitution, which became effective on 26 August, 1920, and subsequent

legislation. Fed. St. Anno., Sup. 1920, p. 821; Public Laws of North. Carolina, 1919, ch. 129; Public Laws of North Carolina, extra session 1920, ch. 93; amendment to Constitution of North Carolina, Art. VI, sec. 4, effective January, 1921. "Every voter in North Carolina, except as in this article disqualified, shall be eligible to office." Const., Art. VI, sec. 7. The mere fact that the notary public and the deputy clerk who respectively took the acknowledgment and the probate of the deed were women does not invalidate the conveyance. The judgment of the Superior Court is therefore

Affirmed.