Ex parte José Rodas García, peticionario.

No. 94.—*Resuelto:* Mayo 29, 1933.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

José Rodas García alegando ser mayor de veinte y un años de edad, ciudadano americano residente en esta Isla y Segundo Teniente de Infantería del Ejército de la Reserva de los Estados Unidos, haber terminado su instrucción primaria continuando la secundaria en el Colegio de Agricultura y Artes Mecánicas de Mayagüez donde se graduó en Ciencias Politécnicas en 1920 y haber obtenido el título de Bachiller en Ingeniería Mecánica en la Ohio Northern University en 1922, y en 1928 el de Bachiller en Leyes expedídole por la "La Salle Extension University" de Chicago, Ill., solicita de esta Corte que lo admita a examen y en su caso le expida la licencia correspondiente para ejercer la profesión de abogado en Puerto Rico.

Para ello invoca especialmente la Ley No. 29 de 1927, Leyes de 1927, pág. 173, cuya sección 2ª. en lo pertinente dice:

"Sección 2.—Todos los que no hayan sido admitidos anteriormente al ejercicio de la abogocía en esta Isla, de conformidad con lo prescrito en la Sección primera de esta Ley, pero que hayan obtenido un diploma de abogado en cualquier universidad o escuela acreditada nacional o extranjera, serán admitidos a postular ante las cortes de justicia de Puerto Rico, previo el cumplimiento de los siguientes requisitos, si probaren a satisfacción del tribunal examinador que al tiempo de empezar sus estudios de abogado eran ciudadanos *bona fide* de los Estados Unidos de América.

"1. Presentación ante el Tribunal Supremo de Puerto Rico del diploma correspondiente; entendiéndose que tal diploma no debe haberse obtenido por correspondencia; y entendiéndose, además, que no se entenderá obtenido por correspondencia un título o diploma adquirido por enseñanza libre en la forma y bajo las condiciones acostumbradas en algunas universidades del estado en Europa o en la Universidad de Puerto Rico."

Alega además el peticionario "Que dicha Universidad (La Salle Extension University) como su nombre indica, no es una escuela de correspondencia propiamente dicha, sino una Universidad de Extensión que ofrece un curso de Derecho por enseñanza libre en la forma y bajo las condiciones acostumbradas en varias Universidades de los Estados Unidos", y que el título le fué conferido "después de haber comparecido a tomar un examen final general, ante un abogado nombrado al efecto por dicha Universidad."

La ley dice "algunas universidades del Estado en Europa o en la Universidad de Puerto Rico." Y lo que tuvo en mente el legislador fué su plan de estudios libres a virtud del cual personas que asisten o no a sus cátedras, se matriculan en dichas universidades y se van examinando periódicamente asignatura por asignatura ante un tribunal de catedráticos de la propia universidad, con sujeción a los mismos programas que rigen para el curso regular de estudios, y cuando las aprueban todas toman los exámenes de grado teórico y práctico, recibiendo si los pasan el diploma que los autoriza al ejercicio de su profesión.

. Por lo que en la solicitud se alega, el título obtenido por el peticionario no lo fué en esas condiciones ni en universidad que sostenga un plan de estudios semejante.

■ De la misma solicitud se desprende que el peticionario abriga fuertes dudas al invocar la ley que hemos interpretado cuando alega:

"Aunque estas leyes mencionadas en los hechos 12 y 13 de esta petición prácticamente facultan al peticionario a solicitar su admisión a examen ·de reválida, este peticionario no desea basar su petición en los derechos que pueda derivar de las referidas leyes exclusivamente, sino que además fundamenta su petición muy especialmente en el poder discrecional, universalmente reconocido, que tienen las cortes para admitir candidatos a examen de reválida, pues 'el poder para admitir aspirantes al ejercicio de la abogacía es judicial y no legislativo y desde luego pertenece exclusivamente a las cortes.' (Véase 4 Cyc. 900; In re Day, 181 Ill. 73; In re Splane, 123 Pa. 527; 2 R.C.L. pág. 941 Sec. 6; In re Applicants for License, 143 N. C. 1, 55 S. E. 635; 10 Ann. Cas. 187; 10 L. R. Cas. 187; A. N. S. 288; In re Goodwell, 39 Wisc. 232: etc., etc.''

Creemos que esta corte tiene en verdad el poder a que se refiere el peticionario pero sólo estará justificada en ejercerlo en casos realmente extraordinarios, y aunque no hay duda que el peticionario es persona instruída en varias disciplinas que pueden serle muy útiles en el ejercicio de la abogacía, hay que reconocer que no concurren en él aquellas extraordinarias circunstancias que pudieran justificar al tribunal en la adopción de tal regla, especialmente cuando los conocimientos previos legales los justifica simplemente por un título que revela a todas luces que se obtuvo por correspondencia y la Legislatura expresamente ha dicho "entendiéndose que tal diploma (el que debe presentarse al tribunal para obtener el examen) no debe haberse obtenido por correspondencia.'' Al alcance del peticionario está el curso libre de la Universidad de su isla, si es que no puede tomar el regular que también le ofrece.

*Por virtud de todo lo expuesto, debe declararse no haber lugar a lo solicitado.*