LYDE LASSITER BAKER, MARY ALICE NORVILLE AND WILLIAM EARL LASSITER v. TRAVIS D. MURPHREY.

(Filed 19 April, 1961.)

**Deeds § 6—**

It will be presumed that a person undertaking over a period of years to take acknowledgments in the capacity of a deputy clerk is a duly appointed and qualified deputy clerk, nothing else appearing.

APPEAL by defendant from *Parker, Joseph W., J.,* at December 1960 "A" Term of GREENE.

Civil action to have the plaintiffs declared the owners of an undivided one-sixth interest in certain lands in Greene County.

The case was before this Court on former appeal, as is reported in *Baker v. Murphrey,* 250 N.C. 346, 108 S.E. 2d 644. The judgment from which appeal was then taken was reversed.

And the case came on for rehearing at the December 1960 Mixed Term of Superior Court of Greene County, — when and where, as shown by record of case on appeal, counsel for the parties stated to the court that they had agreed upon the facts as the same appear in the record; that there were no questions of fact to be submitted to the jury, and stipulated that the matter should be heard by the court upon the agreed statement of facts; and that the court should make conclusions of law and enter judgment thereon pursuant to the provisions of G.S. 1-185.

Counsel for defendant further stated to the court that the defendant was relying upon the three-year statute of limitations as a bar to plaintiffs' action, and the further defense that the deed under which plaintiffs claim title to the land in controversy was void for the reason that no record of the appointment of H. J. Brown, who took the acknowledgment of the grantor in said deed, that is, the deed from Eliza J. Murphrey to John J. Murphrey, described in the record, as a deputy clerk and cross-indexing of the same, could be found in the office of the clerk or register of deeds of Greene County, nor could there be found any record of the filing of his oath as a deputy clerk.

Whereupon the court made the following conclusions of law:

"(1) As owners of the equity of redemption, the plaintiffs were necessary parties to the foreclosure action. The decree of confirmation and deed in the foreclosure action are void as to the plaintiffs in this action and the Commissioner's Deed to defendant did not convey title.

"(2) The three-year statute of limitations does not apply and is therefore not a bar to plaintiffs' action.

"(3) H. J. Brown having professed to act and having acted as a Deputy Clerk by taking the acknowledgment of the execution of the deed in question, and probating same, the deed having been duly registered, it will be assumed that he was rightfully appointed to that office, and that he acted rightfully in taking the acknowledgment and probating the deed until the contrary is made to appear.

"(4) The failure to find of record the appointment of H. J. Brown as Deputy Clerk, the cross-indexing of same, and the oath of the said H. J. Brown does not deprive his acts as a Deputy Clerk of their validity; the requirements of G.S. 2-14 being directory and not a prerequisite to a valid appointment.

"(5) H. J. Brown, having acknowledged and probated deeds and other instruments such as mortgages and bonds over a period of six years; thereby performing and exercising the duties of the office of Deputy Clerk, which said instruments were duly registered, and which affect serious property rights of third persons; and having thereby been recognized and accepted by the general public as a Deputy Clerk and his official capacity not having been challenged for more than thirty years, would in any event be a *de facto* Deputy Clerk.

"(6) As a *de facto* officer performing the duties of a *de jure* office his acts as a Deputy Clerk would be valid.

"(7) The deed from Eliza J. Murphy to John J. Murphy dated January 7, 1928, of record in Book 157 at page 305 is in all respects valid.

"It is therefore, ordered, adjudged and decreed that the plaintiffs are the owners of an undivided one-sixth interest in the 22½ acre tract of land as described in the complaint, subject to the judgment of foreclosure and such liens as may be outstanding thereon, and entitled to the immediate possession thereof.

"It is further ordered, adjudged and decreed that the defendant shall pay the costs of this action to be taxed by the Clerk," etc.

To the foregoing conclusions of law and the judgment entered thereupon, the defendant excepts and appeals to the Supreme Court, and assigns error.

*Lewis & Rouse for plaintiff appellees.*
*K. A. Pittman, I. Joseph Horton for defendant appellant.*

PER CURIAM. In the light of the stipulated facts encompassed in the conclusions of law in respect to the acts of H. J. Brown, as Deputy Clerk, the principle is well settled in this State that there is a *prima facie* presumption that a deputy clerk, authorized by statute to take acknowledgments, is duly appointed and qualified, nothing else appearing. *Piland v. Taylor*, 113 N.C. 1, 18 S.E. 70. 1 Am. Jur. 333, Sec. 50 See also G.S. 52-12 and G.S. 47-1.

Applying this principle to the case in hand, the challenge to the conclusions of law are without merit. Hence the judgment from which appeal is taken is

Affirmed.