The Honorable Bob Graham Governor, State of Florida
QUESTIONS:
1. Is a Commissioner of Deeds required to be a resident of the State of Florida, or may the Governor appoint a person from a foreign country, or a resident of another state?
2. What are the legal requirements or qualifications for a person to be eligible for appointment as a Commissioner of Deeds?
SUMMARY:
The provisions of ch. 118, F.S., and ss. 695.03(2) and (3), F.S. (1980 Supp.), contemplate that a duly appointed and commissioned Commissioner of Deeds reside in or be a resident of another state or territory of the United States or in any foreign country in which appointed and do not require that such commissioner be a resident of Florida. Chapter 118, F.S., does not specify any requirements or qualifications for the office of Commissioner of Deeds.
AS TO QUESTION 1:
There is no statutory requirement contained in ch. 118, F.S., that a Commissioner of Deeds be a resident of Florida. In fact, the legislative intent expressed throughout the provisions of ch. 118 evidence the contrary, that a Commissioner of Deeds would be a resident of another state or of a foreign country. See also ss.695.03(2) and (3), F.S. (1980 Supp.); Cf. ss. 92.50(2) and (3), F.S.
Section 118.01, F.S., in pertinent part, provides that `[t]he Governor may name, appoint and commission one or more commissioners in each of such of the states and territories of theUnited States, the District of Columbia, and in any foreigncountry, as he may deem expedient . . . .' (Emphasis supplied.) This section further provides the acknowledgment or proof of the execution of the specified deed or instruments `shall have the same force and effect, and be as good and available in law for all purposes, as if the same had been made or taken before the proper officer of this state.' Section 118.02, F.S., which empowers a Commissioner of Deeds to administer oaths provides that an `affidavit made before such commissioner shall be as good and effectual to all intents and purposes as if taken by any magistrate resident in this state and competent to take the same.' Section 118.03, F.S., requires every Commissioner appointed pursuant to ch. 118, F.S., to take and subscribe an oath of office `before a notary public in the city or county in which suchcommissioner shall reside . . . .' (Emphasis supplied.) Section695.03(2), F.S. (1980 Supp.), which provides that an acknowledgment made out of this state but within the United States may be made before a Commissioner of Deeds appointed by the Governor of this State or other designated federal and state officials, as a whole indicates that a duly appointed Commissioner of Deeds would reside in or be a resident of the other states of the United States. Cf. s. 92.50(2), F.S. Section 695.03(3), F.S. (1980 Supp.), provides that an acknowledgement may be made in any foreign country before any Commissioner of Deeds appointed by the Governor of this State `to reside in such country . . . .' Reading ch. 118, F.S., and ss. 695.03(2) and (3), F.S. (1980 Supp.), inpari materia, the legislative intent seems clearly to be that a duly appointed Commissioner of Deeds reside in or be a resident of another state or territory of the United States, the District of Columbia, or a foreign country.
AS TO QUESTION 2:
Chapter 118 sets forth no express requirements or qualifications for a person to be eligible for appointment as a Commissioner of Deeds. The general rule of law stated at 67 C.J.S. Officers s. 15 is that `[a]ll persons who are not excluded by some constitutional or legal disqualifications are equally eligible to public office . . . and a strong public policy exists in favor of eligibility for public office.' Cf. s. 117.01, F.S., which requires that a notary public of this state be at least 18 years of age, a citizen of the United States, and a permanent resident of the state. And see 1 C.J.S. Acknowledgments s. 45, which provides: `The particular officers before whom a valid acknowledgement may be taken are as a rule specifically designated by statute, and an acknowledgment taken before such an officer is valid as against objections directed toward the authority of the officer taking it except as he may be disqualified by reason of his interest or relation to the party . . . .' See also 2A C.J.S. Affidavits s. 20; Tuten v. Gazan, 18 Fla. 751 (Fla. 1882).
Thus, the only qualifications or requirements for a person to be eligible for appointment as a Commissioner of Deeds are those specifically designated by statute, and since ch. 118, F.S., does not specify any requirements or qualifications, the Governor is free to appoint and commission any person residing in another state or foreign country to serve as a Commissioner of Deeds for the State of Florida.
Prepared by: Craig Willis, Assistant Attorney General